BEARDSLEY v. BENDERS et al.

(Supreme Court, Appellate Term. May 17, 1910.)

TROVER AND CONVERSION (§ 9*)—ACTION (§ 28*)—CONTRACT OR TORT—WAIVER OF TORT.

    Plaintiff's assignor delivered certain typewriters to defendants, to be used as samples in furthering typewriter sales in France during the term of a sales contract, and after the expiration thereof plaintiff's assignor made various requests for their return, without result. *Held,* that defendants' refusal to return constituted a conversion, and that plaintiff was entitled to waive the tort and recover on quasi contract the reasonable value of the machines.

    [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 58–83; Dec. Dig. § 9;* Action, Cent. Dig. §§ 196–215; Dec. Dig. § 28.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William H. Beardsley against Guy V. Benders and others, doing business under the trade-name and style of Universal Mercantile Agency Partnership. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Strauss & Anderson, for appellant.

Isidor Siegeltuch, for respondents.

BIJUR, J. Plaintiff sues for the reasonable value of five typewriters, originally delivered by plaintiff's assignor to the defendants, to be used as samples in furthering sales of these typewriters in, France, in which country defendants were authorized to make sales under a contract terminating within one year. The contract made no reference to the samples. After the expiration of the term of the contract, plaintiff's assignor made a number of requests for the return of the samples, without result. The refusal of defendants to return the samples constituted conversion. Plaintiff elected to waive the tort, and to sue on the implied contract to pay for the reasonable value of the machines.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

There being practically no dispute as to the material facts, plaintiff is entitled to recover, and the judgment below is reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.